# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LANDON A. KENNEDY,**
**Claimant Below, Petitioner**

**vs.)    No. 15-1230** (BOR Appeal No. 2050643)
(Claim No. 2013027229)

**HKA ENTERPRISES, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Landon A. Kennedy, by Reginald Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. HKA Enterprises, Inc., by Howard Salisbury Jr., its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 24, 2015, in which the Board affirmed a July 14, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 15, 2014, decision which granted a 10% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Kennedy was injured on March 28, 2013, while he was performing his duties as an industrial technician when he lifted a fifty pound bag of sand. The claims administrator found the injury compensable for a lumbar sprain. After seeking treatment from David Weinsweig, M.D., and Thomas Padgett, M.D., Mr. Kennedy was diagnosed with a disc protrusion at L4-5, which was causally related to his work injury. Mr. Kennedy was also diagnosed with pre-existing spondylolysis at L5 and spondylolisthesis at L5-S1. These pre-existing conditions were due to congenital issues, as well as two injuries Mr. Kennedy sustained in 1993 and 1995.

1

The claims administrator granted a request from Dr. Weinsweig on June 19, 2013, approving procedures for right lateral recess decompressions/microdisectomies at L4-5 and L5-S1 with fusion at L5-S1 and placement of pedicle screws at L5-S1. Based on a review by Dr. Padgett, the claims administrator stated that the surgeries for L5-S1 were approved to allow for the successful surgery at L4-5, but following the recovery period, any treatment to L5-S1 would not be related to the compensable injury.

On August 15, 2013, Dr. Weinsweig diagnosed Mr. Kennedy with lumbar radiculopathy caused by lateral recess stenosis due to spondylolisthesis and disc protrusion at L5-S1 as well as some protrusion to the right at L4-L5. Mr. Kennedy underwent surgery to remedy the conditions. The procedures included bilateral decompressive laminectomies and foraminotomies at L4 and L5-S1, lateral mass/transverse process arthrodesis at L5-S1, and placement of pedicle screws at L5-S1.

Following surgery, Mr. Kennedy continued to report chronic pain as a result of his injury. Robert McCleary, D.O., treated Mr. Kennedy for a lumbar herniated disc and determined that he would be off work for approximately six to eight months. Mr. Kennedy underwent three independent medical evaluations to evaluate the degree of permanent impairment arising from the compensable injury.

On April 3, 2014, Marsha Bailey, M.D., evaluated Mr. Kennedy. Dr. Bailey determined that Mr. Kennedy was able to return to work with certain restrictions due to the spinal surgery. She opined that his range of motion measurements were limited by his pain and were invalid for impairment purposes. She diagnosed chronic lower back pain with a right L5 radiculopathy. Dr. Bailey stated that Mr. Kennedy reached maximum medical improvement long ago and no further treatment of any kind was medically necessary to treat the compensable injury. Further, she determined Mr. Kennedy had long ago exceeded West Virginia Code of State Rules §85-20 (2006) guidelines for chronic narcotic use and physical medicine treatments. Dr. Bailey found Mr. Kennedy to have 20% whole person impairment and apportioned half of that to his pre-existing conditions, recommending a 10% whole person impairment rating. Based on Dr. Bailey's medical evaluation, the claims administrator granted Mr. Kennedy a 10% permanent partial disability award.

On December 12, 2014, Bruce Guberman, M.D., evaluated Mr. Kennedy. Dr. Guberman stated that Mr. Kennedy has an antalgic gait with range of motion abnormalities and motor sensory and reflex abnormalities in the right leg consistent with persistent lumbar radiculopathy. Dr. Guberman opined that Mr. Kennedy had reached maximum medical improvement and no further treatment was likely to improve his impairment in regard to the compensable injury. Dr. Guberman found 28% whole person impairment and apportioned the whole amount to the compensable injury. He opined that although Mr. Kennedy had pre-existing conditions, he would not have needed the August 15, 2013, surgery if not for the March 28, 2013, injury. Because Mr. Kennedy had already been awarded 10% whole person impairment, Dr. Guberman recommended an additional 18% award.

Finally, on February 24, 2015, A.E. Landis, M.D., evaluated Mr. Kennedy. Dr. Landis determined that Mr. Kennedy had reached maximum medical improvement, although he believed that Mr. Kennedy would need further treatment to maintain the maximum medical improvement. Dr. Landis concluded that Mr. Kennedy had 20% whole person impairment, half of which he apportioned for the pre-existing conditions, arriving at a 10% impairment rating recommendation. Dr. Landis further opined that Dr. Guberman's lack of apportionment had no justification based on Mr. Kennedy's prior history of back injuries.

In its Order affirming the April 15, 2014, claims administrator's decision, the Office of Judges held that the preponderance of the evidence demonstrates that Mr. Kennedy has 10% whole person impairment. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated November 24, 2015. On appeal, Mr. Kennedy asserts that the opinion of Dr. Guberman establishes that he sustained 28% whole person impairment as a result of the compensable injury and is therefore entitled to a 28% permanent partial disability award.

The Office of Judges determined that Dr. Guberman's evaluation was not persuasive. Dr. Guberman failed to apportion any amount of the whole person impairment to Mr. Kennedy's pre-existing conditions. Both Dr. Bailey and Dr. Landis came to the conclusion that Mr. Kennedy has 20% whole person impairment, and both doctors determined that half of that should be apportioned to his pre-existing conditions. Mr. Kennedy sustained prior injuries for which he was off work eight months in 1993 and six years in 1995. Additionally, Mr. Kennedy was diagnosed with spondylolisthesis first in 1995, which Dr. Weinsweig has determined to be congenital. The Office of Judges determined that the evaluations of Dr. Bailey and Dr. Landis corroborate each other and that Dr. Guberman's failure to apportion any of the whole person impairment is less persuasive based on the medical evidence and reports of the other doctors of record.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. As noted by the Office of Judges, Dr. Guberman failed to apportion any of his 28% whole person impairment recommendation to the pre-existing conditions. This finding is not corroborated by the medical evidence of record. Mr. Kennedy had significant prior injuries to his back. Further, both Dr. Bailey and Dr. Landis have come to the same conclusion that Mr. Kennedy has 10% whole person impairment, which was reached by apportioning for the pre-existing conditions.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II